IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Knightbrook Ins. Co.,               Case No. 3:14CV1249

       Plaintiff

     v.                        **ORDER**

Stansley Industries, Inc.,

       Defendant

      This is an insurance coverage declaratory judgment action. Plaintiff Knightbrook Insurance Company brought the action against its insured, Stansley Industries, Inc., after an accident involving a Stansely trailer and a third party.[1]

      Pending are the parties' counter-motions for summary judgment. (Docs. 17, 20). For the reasons that follow, I find that the policy provides coverage.

### Background

      In the early morning hours of December 13, 2013, Rashaun Coley, a driver for Stansley, attached a trailer to a tractor. After driving a short distance from Stansley's yard, Coley turned onto a major highway. As he made the turn, the trailer became detached from the tractor. It rolled to a stop on the right side of an eastbound lane.[2]

---

[1] This third party, the driver of a tractor-trailer that collided with the Stansley trailer at issue in this case, filed suit in the Lucas County, Ohio, Court of Common Pleas. That suit precipitated this coverage dispute, but otherwise is immaterial to the outcome here.

[2] There is some disagreement between the parties as to why the trailer became detached. Knightbrook appears to contend that Coley failed to attach the fifth wheel properly; Stansley suggests that the fifth wheel malfunctioned. This dispute has no bearing on the result here.

Coley tried calling the office, but got no answer. He decided to return for assistance. On leaving the scene, he did nothing, such as contacting law enforcement authorities (let alone waiting for a response), setting out triangles or flares, or otherwise acting, to alert oncoming traffic that his trailer was at least partly blocking a lane of travel.

During Coley's absence, the collision giving rise to the demand for coverage occurred.

The gravamen of Knightbrook's motion is that the trailer is not a covered "auto" under its policy. Stansley does not dispute that contention. Knightbrook acknowledges, however, that the tractor that Coley was operating is a covered "auto."

The determinative policy provision provides liability coverage for bodily injury or property damage "that is caused by an accident and results from the maintenance, ownership, or use of a covered auto."

Coverage depends on the answer to the question, "Did the accident 'result from' Stansley's use of its tractor?"

I must give the terms of an insurance policy their plain meaning. *Miller v. Marrocco*, 28 Ohio St. 3d 438, 439 (1986). If the meaning is not plain (though in this case I find it is), I must construe the meaning against the insurer. *Lager v. Miller-Gonzalez*, 120 Ohio St. 3d 47, 49 (2008).

As I read the policy in its entirety, the answer is, "Yes." The fact that the trailer was at rest when the ensuing accident occurred does not matter. It got there as the result of being pulled by means of the use of the tractor. In simple terms: Coley used the tractor, and as a result of his use – driving on the highway when the trailer somehow became unhooked – the risk of injury arose.

I need not elaborate any further; my decision depends on reading the policy, not reciting lots of cases.

It is, therefore,

ORDERED THAT: the counter-motion for summary judgment of the defendant Stansley Industries, Inc. (Doc. 20) be, and the same hereby is granted; and the motion of the plaintiff Knightbrook Insurance Company (Doc. 17) be, and the same hereby is denied.

So ordered.[3]

/s/ James G. Carr
Sr. U.S. District Judge

---

[3] The parties do not address, at least not in dispositive detail, the issue of proximate cause. I leave that to the state court to determine (*i.e..*, whether, by choosing to leave without taking any precautions to alert oncoming traffic of the risk arising from the presence of the detached trailer, Coley's conduct constituted an independent, intervening cause unrelated to his use of the covered tractor). For now, I simply conclude that the plain language of the policy gives rise to coverage *vis-a-vis* the fact that the trailer got to where, in the first instance, it created the risk of injury as a result of Coley's use of a covered "auto."